IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-120-RLV-DCK

| | |
|---|---|
| CRYSTAL ELISE LEMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 11) and Defendant's "Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Crystal Elise Lemmonds ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No.

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this matter. See Fed. R. Civ. P. 25(d); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1). On or about January 9, 2013, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning August 1, 2012. (Transcript of the Record of Proceedings ("Tr.") 131, 238-243, 244-253). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about March 18, 2013, and again after reconsideration on or about May 14, 2013. (Tr. 131, 150-155, 158-165, 166-175). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 158, 166).

Plaintiff filed a timely written request for a hearing on June 5, 2013. (Tr. 131, 176-177). On September 30, 2014, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Lawrence Levey (the "ALJ"). (Tr. 17-51, 131). In addition, Stephen P. Davis, a vocational expert ("VE"), and David H. Lund, Plaintiff's attorney, appeared at the hearing. Id. The ALJ issued an unfavorable decision on December 30, 2014, denying Plaintiff's claim. (Tr. 129-141).

On January 20, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 14, 2016. (Tr. 16, 1-4). The December 30, 2014 ALJ

2

Case 3:16-cv-00120-RLV-DCK    Document 15    Filed 02/21/17    Page 2 of 12

decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.  (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 9, 2016.  (Document No. 1).  On March 28, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 11) and "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) were filed July 25, 2016;  and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 14) were filed September 20, 2016.  Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, Document No. 1 (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c) (3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards.  Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v.

3

Case 3:16-cv-00120-RLV-DCK    Document 15    Filed 02/21/17    Page 3 of 12

Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 1, 2012, and the date of his decision.[2] (Tr. 131). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 140-141).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 1, 2012, her alleged disability onset date. (Tr. 133). The ALJ observed that Plaintiff had been employed in two positions during 2013-2014; however, her earnings "did not meet or surpass the SGA earnings threshold at either position." Id. Moreover, the ALJ noted that Plaintiff

5

had misrepresented this activity, and that her misrepresentation had been considered "in assessing the credibility of claimant's reports regarding her symptoms and limitations." Id.

At the second step, the ALJ found that degenerative joint disease, degenerative disc disease, fibromyalgia, obesity, possible rheumatoid arthritis, osteoarthritis, substance abuse, anxiety disorder, and affective disorder were severe impairments.[3] (Tr. 134). However, at the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 134-135).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary activity, with the following limitations:

> she requires the option of alternating at her election between sitting and standing in increments of approximately 20-30 minutes, she can only occasionally utilize her lower extremities for pushing, pulling, or operation of foot controls, can only occasionally climb ramps or stairs, balance, and stoop, is precluded from climbing ladders, ropes, or scaffolds, and from kneeling, crouching, and crawling, can engage in frequent, but not constant, gross and fine manipulation, and requires a low stress working environment, defined as being limited to the performance of simple, routine, and repetitive tasks, in a work environment free of fast paced production requirements, involving only simple work related decisions, with few, if any, changes in the work place.

(Tr. 135-136). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 136).

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a personnel interviewer or recruiter. (Tr. 139). The ALJ noted that he found Plaintiff limited to unskilled work, and that these past positions "are performed at the skilled level." Id.

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 140). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included order clerk, table worker, and lens block gauger. (Tr. 140). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 1, 2012, and the date of his decision, December 30, 2014. (Tr. 141).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in assessing Plaintiff's RFC to perform sedentary work; and (2) the ALJ erred in evaluating Plaintiff's credibility. (Document No. 12, p.3). The undersigned will discuss each of these contentions in turn.

**A.      RFC Assessment**

In her first assignment of error, Plaintiff argues that the ALJ incorrectly determined that Plaintiff is able to perform sedentary work. (Document No. 12, pp.5-6). Plaintiff argues that "credible testimony shows that she is unable to work due to" her severe impairments. (Document No. 12, p.5) (citing Hearing Transcript, Tr. 19-44). Plaintiff goes on to re-assert her difficulties based on her impairments. (Document No. 12, pp.5-6). Plaintiff contends that her "testimony and statements are strongly supported by the record;" however, she declines to specifically cite any records supporting her testimony. (Document No. 12, p.6).

7

In response, Defendant argues that the ALJ provided a detailed RFC that was thoroughly explained and supported by citations to specific evidence of record. (Document No. 14, p.5).

Defendant notes that the ALJ gave Plaintiff some benefit of the doubt by limiting her to sedentary work, even though State agency medical consultant, Dr. Dakota Cox, opined that Plaintiff could perform work at the light level. Id. (citing Tr. 35, 101-103, 139). Defendant also notes that the ALJ observed that Plaintiff's "treating physicians documented complaints of pain out of proportion to the medical findings," and one pain specialist refused further treatment of Plaintiff because "he could not determine where the pain was coming from." (Document No. 14, pp.5-6) (citing 137, 649, 993, and 58[9]).

Defendant contends that the ALJ's RFC finding credited the reliable parts of Plaintiff's testimony, and took into account medical and non-medical evidence of record by providing, for example, the option of sitting and standing every 20-30 minutes. (Document No. 14, p.6). Defendant further contends that Plaintiff only supports her argument by citing "the most extreme of her own subjective allegations as presented in her hearing testimony." Id. Defendant asserts that it is "well settled that a claimant's own subjective statements cannot establish disability." Id. (citing 20 C.F.R. §§404.1529(a) and 416.929(a). Defendant notes that "the ALJ documented several inconsistencies in the record that undermine Plaintiff's credibility – making her own subjective allegations a weak basis on which to argue the ALJ erred." Id.

The undersigned finds Defendant's argument persuasive. Moreover, Plaintiff's lack of citation to the record, and failure to specifically identify how the ALJ's decision on RFC was allegedly deficient, are not helpful. The undersigned observes that the ALJ's discussion of Plaintiff's impairments, including those issues identified by Plaintiff's brief, is thorough and

8

supported by ample citation to the medical record. See (Tr. 134-139) (citing Tr. 52-69, 108-125, 263-271, 282-289, 305-310, 534-636, 637-652, 653-665, 637-652, 982-985, 986-987, 998-1005, 1071-1078, 1079-1103, 1104-1121, 1122-1138).

Plaintiff's conclusion that the ALJ's decision "should be reversed" because it is not supported by substantial evidence, is without merit. Plaintiff clearly disagrees with the ALJ's decision, but fails to offer any persuasive argument or authority that the ALJ did not follow proper legal standards and/or did not rely on substantial evidence in reaching his determination. (Document No. 12). As such, the undersigned is not convinced that the ALJ erred in his assessment of Plaintiff's RFC.

**B.     Credibility**

Next, Plaintiff contends that the ALJ erred in the credibility determination. (Document No. 12, pp.7-8). Plaintiff asserts that "[t]he statements of Ms. Lemmonds are consistent and well supported by objective medical evidence." (Document No. 12, p.8). Specifically, Plaintiff suggests that the ALJ improperly discredited Plaintiff's subjective complaints of pain and misapplied the Fourth Circuit pain standard. Id. Plaintiff concludes that the objective evidence, along with Plaintiff's testimony, show that she is unable to work on a sustained and continuous basis. (Document No. 12, p.9).

Defendant argues that the ALJ correctly evaluated Plaintiff's credibility, consistent with the two-step process of: (1) considering whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; and (2) if there is such impairment, evaluating the intensity and persistence of the symptoms to determine the extent to which they limit the individual's capacity for work." (Document No. 14, p.7) (citing 20 C.F.R. §§ 404.1529(b)-(c) and 416.929(b)-(c)) and (Tr. 136-138).

9

Defendant goes on to assert that "the ALJ thoroughly explained, with citations to the record of evidence, why Plaintiff's credibility was undermined, and pointed to several inconsistencies in her testimony." (Document No. 14, p.8).

> the ALJ first observed that Plaintiff had incorrectly stated in June 2013 that she was not working, when in fact, she was working (Tr. 133, 254-56, 258, 319). The ALJ further noted that Plaintiff gave **inconsistent testimony** regarding her departure from work: stating that she had quit, that she had lost her job because of medication side effects, and that her assignment had ended (Tr. 136-37, 298, 318, 664, 1095). The ALJ also cited Plaintiff's allegation that she had stopped abusing substances in 2011—and contrasted that with record evidence of **drug seeking behavior** in 2012; treating sources refusing to prescribe narcotics and dismissing her from treatment because of her **narcotics abuses**; and **not taking medications prescribed** (Tr. 137, 587, 689, 935, 984, 1001). The ALJ further cited Plaintiff's **arrest for impersonating a doctor** in multiple calls to pharmacies to obtain additional medications, which clearly bears upon Plaintiff's reliability (Tr. 137, 334, 1001).

Id. (Emphasis added).

Finally, Defendant argues that contrary to Plaintiff's argument, the ALJ did find some of her allegations regarding her impairments "partially credible," and incorporated those allegations about her limitations into the RFC. Id. Defendant concludes that Plaintiff has failed to demonstrate any error by the ALJ.

The undersigned again finds Defendant's argument most persuasive. As with the first alleged error, Plaintiff's position regarding credibility is largely conclusory and based on Plaintiff's own allegations without reference to evidence of record. The undersigned agrees with Defendant that the ALJ quite clearly set out several inconsistencies and concerns regarding Plaintiff's credibility in the decision, and yet, Plaintiff declined to address those issues, or acknowledge that the ALJ had found her partially credible. See (Tr. 136-138) (Document No. 12, pp.7-8). In addition, it appears that the ALJ adequately applied the two-step process described

10

above in conducting his assessment. See (Tr.136-138) and 20 C.F.R. §§ 404.1529(b)-(c) and 416.929(b)-(c)

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 11) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 13) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 21, 2017

David C. Keesler
United States Magistrate Judge