IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:16-cv-00120-RLV-DCK

| | |
|---|---|
| CRYSTAL ELISE LEMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Crystal Elise Lemmonds' Motion for Judgment on the Pleadings (Doc. 11) and Defendant Social Security Commissioner Nancy A. Berryhill's Motion for Summary Judgment (Doc. 13). Also before the Court are Plaintiff's Objections to Recommendation of United States Magistrate Judge David C. Keesler, to whom the motions were referred for recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Docs. 15, 16).

The Magistrate Judge, in a Memorandum and Recommendation filed February 21, 2017, recommended that Plaintiff's motion be denied, that Defendant's motion be granted, and that the Commissioner's decision be affirmed. (Doc. 15 at 11). Plaintiff filed her Objections (Doc. 16) and Defendant responded (Doc. 17). For the reasons that follow, the Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

I.   PROCEDURAL BACKGROUND

Plaintiff seeks review of Administrative Law Judge Lawrence Levey's ("ALJ") December 30, 2014 decision, which determined Plaintiff was not disabled under Social Security Act Title II

(disability insurance benefits) or Title XVI (supplemental security income). (Transcript of the Record of Proceedings ("Tr.") 141; *see* Tr. 238 (Title XVI application summary), 244 (Title II application summary)). Neither party has objected to the Magistrate Judge's statement of the procedural history of the case as set out on pages 1-3 of the Memorandum and Recommendation ("M & R"). (Doc. 15 at 1-3). The Court adopts the M & R's procedural background, supplemented by the Court as set out below.

## II. STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (emphases and brackets omitted). Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the undersigned has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of the matters raised in Plaintiff's Objections.

The district court's review of the Commissioner's final decision is limited to the following two issues: (1) whether the Commissioner's factual findings are supported by substantial evidence; and (2) whether the Commissioner applied the correct legal standards.[1] *Hancock v. Astrue,* 667 F.3d 470, 472 (4th Cir. 2012); *see* 42 U.S.C. § 405(g). As long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472.

While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a scintilla and it must do more than create

---

[1] When the Appeals Council denies a claimant's request for review, as it did in this case (Tr. 1), the ALJ's decision becomes the Commissioner's final decision. *Walls v. Barnhart*, 296 F.3d 287, 289 (4th Cir. 2002).

a suspicion of the existence of a fact to be established," *Smith v. Heckler,* 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (brackets and internal quotation marks omitted). "The substantial evidence standard 'presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (ellipsis omitted) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988)).

## III. THE ALJ'S DECISION

The question before the ALJ was whether Plaintiff was "disabled," as that term is defined for Social Security purposes, under Title II or Title XVI of the Social Security Act. (Tr. 131). To make that determination, the ALJ must proceed through a sequential five-step evaluation process.[2] The ALJ in the proceeding below concluded at Step One that Plaintiff was not engaged in substantial gainful activity, at Step Two that Plaintiff had a severe combination of impairments, and at Step Three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 133-35). The ALJ determined that Plaintiff had the following severe combination of impairments: degenerative joint disease, degenerative disc disease, fibromyalgia, obesity, possible rheumatoid arthritis, osteoarthritis, substance abuse, anxiety disorder, and affective disorder. (Tr. 134). As a consequence of his determinations, the ALJ was required to proceed to Step Four.

---

[2] "[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir 2015); *see* 20 C.F.R. §§ 404.1520(a) (evaluation of Title II claims), 416.920(a) (evaluation of Title XVI claims). The burden of production and proof is on the claimant in the first four steps, with the burden shifting to the Commissioner at the fifth step, if it is reached. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

Prior to making a decision at Step Four, the ALJ determined Plaintiff's residual functional capacity ("RFC"), finding that she could perform sedentary work with the following limitations: she required the option of alternating at her election between sitting and standing in increments of approximately 20-30 minutes; she could only occasionally utilize her lower extremities for pushing, pulling, or operation of foot controls; she could only occasionally climb ramps or stairs, balance, and stoop; she was precluded from climbing ladders, ropes or scaffolds, and from kneeling, crouching, and crawling; she could engage in frequent but not constant gross and fine manipulation; and she required a low stress working environment, defined as being limited to the performance of simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple work-related decisions, with few, if any, changes in the workplace. (Tr. 135-37).

At Step Four, the ALJ determined that Plaintiff was unable to perform past relevant work in light of Plaintiff's RFC. (Tr. 139). Thus, the ALJ reached Step Five, which required a determination of whether, considering Plaintiff's RFC, age, education, and work experience, she could make an adjustment to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Finding that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," the ALJ decided that Plaintiff was not disabled under Title II or Title XVI. (Tr. 140-41). The M & R recommended that this decision be affirmed. (Doc. 15 at 11).

## IV. DISCUSSION

Plaintiff requests a general *de novo* determination of her Motion for Judgment on the Pleadings and of the Defendant's Motion for Summary Judgment. (Doc. 16 at 1). She further states that "[t]he grounds for [Plaintiff's] objections appear in the Memorandum filed in support

4

of her Motion for Summary Judgment [sic], with additional grounds stated" in her Objections. (*Id.*). Specifically, Plaintiff's Objections are:

(1) Judge Keesler erred in affirming ALJ Levey's determination that Ms. Lemmonds can perform a limited range of sedentary work; and

(2) Judge Keesler erred in affirming ALJ Levey's improper credibility determination.

(Doc. 16 at 2, 6). The Court will address these specific Objections in turn.

### A. Determination of Plaintiff's Residual Functional Capacity

Plaintiff objects to the Magistrate Judge "affirming ALJ Levey's determination that [she] can perform a limited range of sedentary work" and asserts that remand is required "because a proper categorization of [her] exertional limitations to less than sedentary work, which is supported by the medical evidence of record, requires a finding of disabled." (*See* Doc. 16 at 2, 6). In support of this assertion, Plaintiff points to her testimony before the ALJ, including her testimony that she is unable to work due to fibromyalgia, degenerative joint disease of the bilateral knees, degenerative disc disease, possible rheumatoid arthritis, osteoarthritis, anxiety disorder, and an affective disorder. She also points to her testimony that she is only able to stand for 15 minutes and sit for 30 minutes; she has to constantly move her hands to avoid stiffness; she has difficulties with memory and concentration; she takes naps during the day; she does not do cleaning, cooking or yard work due to pain; and she is able to attend church only about one-half the time. (Doc. 16 at 4-5 (citing transcript of her testimony)).

Following this recitation, Plaintiff concludes that "her testimony is strongly supported by the record, as all of the symptoms that she testified to experiencing have been repeatedly documented throughout her medical records." (Doc. 16 at 4-5). Plaintiff also points to the Vocational Expert's hearing testimony that employers would tolerate only a single monthly impairment-related absence and would not tolerate an employee being off-task longer than fifteen

percent of the day. (Doc. 16 at 5-6 (citing Tr. 49)). Plaintiff, referencing her testimony that she has problems with memory and concentration as well as an inability to maintain part-time employment because of her pain, asserts that a proper RFC would have categorized her to less than sedentary work, which in this case would mandate a finding of disability. (Doc. 16 at 6).

Contrary to Plaintiff's assertions, the Court finds the ALJ's discussion of Plaintiff's impairments and determination of her RFC is detailed and meticulous, with consideration of the Plaintiff's testimony and citations to record evidence for each point considered. (*See* Tr. 134-39 (citing Exhibits 1A, 6A, 1E, 4E, 5F, 6F, 7F, 8E 9F, 11F, 12F, 13F, 14F, 15F, 19F, 20F, 21F, and 22F)). Recitation, of course, is not analysis. More important to the Court than the number of exhibits cited is the ALJ's citation to specific exhibits with respect to each point considered. (*See* Tr. 135-39). Further, the ALJ assessed Plaintiff's ability to perform relevant functions, with citation to the record (*see* Tr. 137-39), and the Court can find no inadequacy frustrating a meaningful review.[3] The records cited in the ALJ's decision demonstrate, in this case, that the ALJ relied on substantial evidence in reaching his decision. Plaintiff, in her first Objection, has not pointed to persuasive authority indicating any failure of the ALJ to follow legal standards in making his determination and the Court discerns none.

The Court notes that while Plaintiff asserts that her testimony "is supported by the medical evidence of record," in her Objections she cites to no objective medical records that are claimed to support that assertion. (*See* Doc. 16 at 5). This omission is notable in that the Magistrate Judge earlier observed that, with respect to her Memorandum in support of her Motion for Judgment on the Pleadings, Plaintiff "declines to specifically cite any records supporting her testimony" after

---

[3] Plaintiff states: "Where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review, remand may be appropriate. (*Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015))." (Doc. 16 at 4).

6

she stated such testimony was "strongly supported by the record."[4] (*See* Doc. 15 at 7 (citing Doc. 12 at 6), 8 (describing Plaintiff's lack of citation to the record and failure to specifically identify how the ALJ's RFC determination was allegedly deficient as "not helpful")). Further, although Plaintiff sets out procedural requirements related to an RFC determination and notes that remand may be appropriate in certain situations, her first Objection does not point to a specific failure on the part of the ALJ to follow those requirements beyond asserting that the ALJ's determination of a limited sedentary RFC "is not an accurate depiction of [her] functional abilities." (*See* Doc. 15 at 3-5).

Finally, Plaintiff points to an answer of the Vocational Expert ("V.E.") regarding employer tolerance for impairment-related absences and off-task time and to Plaintiff's testimony that she had significant difficulties with fatigue and concentration due to prescribed medication, had good and bad days, and that some of those bad days required absences from her previous part-time work. (Doc. 16 at 5-6). The ALJ, however, elicited this testimony of the V.E. at the conclusion of a series of hypotheticals, referencing Plaintiff's testimony earlier in the hearing. (Tr. 49). The ALJ noted Plaintiff's testimony that she had significant difficulties with fatigue and concentration and asked the V.E. about employer tolerance for being off-task at unskilled, full-time competitive employment. The V.E. replied that the limit of employer tolerance would be about fifteen percent of work time as off-task. (Tr. 49). The ALJ, noting Plaintiff's testimony about having good days and bad days and that some bad days required absence from her previous part time work, asked the V.E. about employer tolerance for absences. The V.E. replied "[o]ne day a month." (*Id.*).

---

[4] Plaintiff's Statement of Facts in her Memorandum in support of her Motion for Judgment on the Pleadings does cite medical records regarding "[mild to] moderate medial compartment arthritis of the right knee" (Tr. 1104-05), an impression of significant degenerative disease medial compartment of the right knee (Tr. 1112), and "tender[ness] at all the typical fibromyalgia spots throughout the body" with tenderness of MP joints of the hands (Tr. 1102). She also cites medical records which she represents contain *her complaints* about her anxiety, fibromyalgia, depression, chronic pain, anxiety disorder, and arthritis (Tr. 1079-1103) and pain in her right knee that affected her lower back (Tr. 1071-78). (Doc. 12 at 3-4).

In this case, a link between the V.E.'s testimony cited by Plaintiff and a disability determination would arise only if the ALJ incorporated these limitations alleged by Plaintiff into the RFC or if the ALJ erred in making his determination not to do so. Neither is the case here. The ALJ considered Plaintiff's testimony that she had problems with memory and concentration and her pain. (*See* Tr. 137-39 (pain, psychological effects of impairments, capability to perform simple, routine, and repetitive tasks with environmental restrictions); *see also* Tr. 135 (discussion of concentration, persistence or pace, under Step Three; finding moderate difficulty but noting Plaintiff had engaged in significant work activity throughout much of the period at issue)). To the extent Plaintiff contends the ALJ erred in his credibility determination with respect to Plaintiff's testimony, that challenge is addressed in the discussion of Plaintiff's second Objection.

Plaintiff's first Objection is overruled.

**B.     Credibility Determination**

Plaintiff objects to the Magistrate Judge "affirming ALJ Levey's improper credibility determination," asserting that the ALJ erred by "discrediting [Plaintiff's] subjective complaints of pain" in determining that Plaintiff's "statements concerning the intensity, persistence and limiting effects of her symptoms were 'not entirely credible'" and in "failing to give significant weight to [her] testimony," which testimony "is consistent with the medical record which shows" she suffers from various impairments. (Doc. 16 at 6, 8). Plaintiff cites *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006), for the proposition that objective evidence is not required to show that pain can be so intense that it prevents an individual from completing a full work day. Plaintiff asserts that the ALJ misapplied *Hines* in dismissing her subjective complaints as inconsistent with the record. (*Id.*). Plaintiff then argues that "the objective evidence in conjunction with [her] testimony shows

8

that she is unable to work on a sustained and continuous basis . . . and [her] testimony is entitled to great weight, as it is consistent with the objective medical evidence." (Doc. 16 at 9).

When assessing credibility, the law provides a two-part test for evaluating the probative weight to be assigned a claimant's statements about pain and other symptoms. *Craig v. Chater*, 76 F.3d 585, 593-94 (4th Cir. 1996). An ALJ first considers whether a claimant has an impairment that can be shown by medically accepted techniques which could reasonably be expected to produce pain or other symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b). If such an impairment exists, the ALJ evaluates the intensity and persistence of the claimant's pain or other symptoms to determine the extent to which the symptoms affect the claimant's ability to work. In so doing, the ALJ is to consider all available evidence, including medical history, medical signs and laboratory findings, and the claimant's statement about how the symptoms affect her. *Id*. The ALJ is to consider a claimant's statements about the intensity, persistence, and limiting effect of the claimant's symptoms, which will be evaluated in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether the claimant is disabled. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

Plaintiff's principal argument in her second Objection is that the ALJ erred in concluding that her "statements concerning the intensity, persistence and limiting effects of her symptoms wee 'not entirely credible.'" (Doc. 12 at 8; *see* Tr. 136-37). With respect to her testimony regarding pain, Plaintiff is correct in noting that *Hines* stands for the proposition that a claimant is entitled "to rely exclusively on subjective evidence" to prove "that [her] pain is so continuous and/or so severe that it prevents [her] from working a full eight hour day." 453 F.3d at 565. In a footnote to this statement, however, the Fourth Circuit noted in *Hines* that:

> While objective evidence is not mandatory at the second step of the test, "[t]his is not to say, however, that objective medical evidence and other objective evidence

9

are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges she suffers."

*Hines*, 453 F.3d at 565 n.3 (quoting *Craig*, 76 F.3d at 595). Relevant evidence for this inquiry includes the claimant's "medical history, medical signs, and laboratory findings," *Craig*, 76 F.3d at 595, as well as various regulatory factors,[5] Social Security Regulation ("SSR") 96-7p, 1996 WL 374186 at *3.[6]

An administrative law judge's credibility determination is generally entitled to great deference. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions [of credibility] are to be given great weight."). This is because a reviewing court does not, and cannot, make credibility assessments. *See Craig*, 76 F.3d at 589 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). However, when considering whether the ALJ properly analyzed a claimant's credibility, the district court must determine if the reasons the ALJ provided explain the extent to which the ALJ credited and discredited that testimony. *See Mascio v. Colvin*, 780 F.3d 632, 639-40 (4th Cir. 2015); *see also Monroe v. Colvin*,

---

[5] The regulatory factors are: (i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).
[6] Subsequent to Plaintiff filing her Complaint in this Court, the Social Security Administration superseded SSR 96-7p with SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). Social Security Ruling 16-3p eliminates the use of the term "'credibility' from . . . sub-regulatory policy" and "clarif[ies] that subjective symptom evaluation is not an examination of an individual's character." *Id.* at *1. Because SSR 96-7p was in effect at the time of ALJ Levey's decision (as well as the Appeals Council's denial of Plaintiff's request for review), this Court will review the decision under SSR 96-7p. *See, e.g.*, *Keefer v. Colvin*, 2016 WL 5539516, at *11 n.5 (D.S.C. Sept. 30, 2016). The Court notes Plaintiff's briefing speaks in terms of a credibility evaluation and SSR 96-7p. (Docs. 12 at 7, 16 at 7).

826 F.3d 176, 188-90 (4th Cir. 2016). Put another way, the ALJ's discussion of a claimant's credibility in light of the other evidence in the record must establish an "'accurate and logical bridge'" to the ALJ's decision to credit or discredit the relevant aspects of the claimant's testimony. *See Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

The ALJ in this case considered Plaintiff's credibility as part of his RFC determination. He found that "the claimant's medically determinable impairments could reasonably be expected to cause certain of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 136). Plaintiff directs her second Objection to the latter part of that determination.

In making his credibility determination, the ALJ first noted that Plaintiff's credibility was undermined by a number of inconsistencies in the record, including: (1) her inconsistent accounts of her departure from work in 2012 (setting out three versions given by Plaintiff); (2) her testimony regarding her substance abuse was inconsistent with the record (listing inconsistencies); and (3) her attempts to obtain narcotic pain medications, which resulted in an arrest for impersonating a doctor in multiple calls to pharmacies. (Tr. 136-37 (citing record)). The ALJ then turned to the effects of Plaintiff's impairments.

The ALJ found Plaintiff partially credible regarding pain and limitations imposed by her degenerative disc disease, osteoarthritis, and fibromyalgia. In making that determination the ALJ considered the observations of treatment providers and a pain management provider, observing that an inconsistency between objective findings and subjective complaints was noted frequently by the Plaintiff's medical sources. The ALJ noted as well the observations of Plaintiff's pain management provider, who "dismissed the claimant due to the uncertain etiology of the claimant's

11

pain and the lack of concrete and objective evidence to support her complaints of pain." Further, the ALJ cited to treatment providers who "repeatedly observe that the claimant is in no acute distress, has normal gait, intact neurological exam, intact sensation, normal strength." (Tr. 137 (citing exhibits 5F, 6F, and 12F)). Plaintiff has not disputed the ALJ's characterization of those records in her filings. The ALJ then found Plaintiff was capable of work at the sedentary exertional level with limitations. (Tr. 137).

The ALJ also considered the effects of Plaintiff's other impairments. The ALJ found Plaintiff partially credible regarding the degenerative joint disease in her knees, citing and discussing medical records, in determining that she could stand and walk consistent with work at the sedentary exertional level. (Tr. 137). The ALJ found Plaintiff partially credible regarding her manipulative limitations, observing that the "treating providers repeatedly note[d] that [Plaintiff's] hand pain is out of proportion with the examination." (Tr. 137-38 (citing exhibits)). Finally, the ALJ found Plaintiff partially credible regarding the psychological effects of her impairments, setting out reasons for his conclusion with citation to and discussion of the record. (Tr. 138-39).

In concluding his RFC determination, the ALJ stated that his determination of Plaintiff's RFC was supported by specified medical consultants and "the generally minimal objective findings of [Plaintiff's] treating providers, the repeated reports from treating providers that the claimant's reported pain is not supported by the objective findings, the claimant's significant work activity after her alleged disability onset date, and the credible medical and non-medical evidence of record." (Tr. 139).

In addition to her own testimony, Plaintiff presents what are essentially conclusory statements and fails to support her assertion that her testimony should be given great weight "as it is consistent with the objective medical evidence." Her Objections do not cite to any medical

12

evidence in the record as support. The Court notes the M & R made a similar observation regarding Plaintiff's Memorandum in support of her Motion for Judgment on the Pleadings. (*See* Doc. 15 at 10). While Plaintiff may be correct that symptoms to which she testified before the ALJ are documented in her medical records, the ALJ's review, as noted above, found inconsistencies between objective findings, including doctor reports and Plaintiff's employment history, and Plaintiff's testimony. Plaintiff does not challenge any specific medical record on which the ALJ relied nor point to medical records which the ALJ improperly ignored.

The Court finds no error in the Magistrate Judge's conclusion that it "appears that the ALJ adequately applied the two-step process . . . in conducting his assessment." (Doc. 15 at 10).

Plaintiff's second objection is overruled.

## V. CONCLUSION

Having conducted a *de novo* review of the portions of the M & R and proposed findings and recommendations to which objection was made as well as having undertaken a careful review of all other aspects of the M & R, the Court accepts the Magistrate Judge's Recommendation that Plaintiff's Motion for Judgment on the Pleadings be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff's Objections to the Memorandum and Recommendation (Doc. 16) are **OVERRULED** and the Memorandum and Recommendation (Doc. 15) is **ADOPTED**;

(2) Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED;**

(3) Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED**;

(4) The Commissioner's decision is **AFFIRMED**; and

(5)     Judgment shall be entered by the Clerk.

Signed: July 3, 2017

Richard L. Voorhees
United States District Judge